ORIGINAL

STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOHN J. KUCERA (Cal. Bar No. 274184)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3391
    Facsimile: (213) 894-0142
    E-mail:   john.kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



FILED
CLERK, U.S. DISTRICT COURT

SEP 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR **CR 14 00523** |
| Plaintiff, | PLEADING |
| v. | [UNDER SEAL] |
| SHAHRAM KHAZAN, | [APPLICATION AND ORDER SEALING FILING SUBMITTED CONCURRENTLY WITH THIS PLEADING] |
| Defendant. | |

1.    This constitutes an agreement between Shahram Khazan ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2.    Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that

1  it will not accept this agreement, absent a breach of this agreement
2  by defendant prior to that determination and whether or not defendant
3  elects to withdraw any guilty plea entered pursuant to this
4  agreement, this agreement will, with the exception of paragraph 27
5  below, be rendered null and void and both defendant and the USAO will
6  be relieved of their obligations under this agreement.  Defendant
7  agrees, however, that if defendant breaches this agreement prior to
8  the Court's determination whether or not to accept this agreement,
9  the breach provisions of this agreement, paragraphs 30 and 31 below,
10  will control, with the result that defendant will not be able to
11  withdraw any guilty plea entered pursuant to this agreement, the USAO
12  will be relieved of all of its obligations under this agreement, and
13  the Court's failure to follow any recommendation or request regarding
14  sentence set forth in this agreement will not provide a basis for
15  defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

16

17      3.   Defendant agrees to:

18          a.   Give up the right to indictment by a grand jury and,
19  at the earliest opportunity requested by the USAO and provided by the
20  Court, appear and plead guilty to a four-count information in the
21  form attached to this agreement as Exhibit A or a substantially
22  similar form, which charges defendant with the Entry of Goods by
23  Means of False Statement in violation of 18 U.S.C. § 542, the Passing
24  False Papers Through Customhouse in violation of 18 U.S.C. § 545, the
25  Laundering of Monetary Instruments in violation of 18 U.S.C. §
26  1956(a)(2)(A), and the Making and Subscribing to False Tax Return in
27  violation of 26 U.S.C. § 7206(1).

28          b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>FORFEITURE AND FINANCIAL ACCOUNTABILITY</u>

4.   Defendant further agrees:

a.   Truthfully to disclose to law enforcement officials, at a date and time to be set by the USAO, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, defendant's illegal activities, and to forfeit all right, title, and interest in and to such items, specifically including all right, title, and interest in and to all United States currency, property and assets, including the following assets which

//

//

1  defendant admits constitute, and are derived from, the proceeds of

2  defendant's illegal activity in violation of 18 U.S.C. §§ 542, 545,

3  and 1956:

4           i.   Approximately $701,153.00 in bank funds seized on

5  or about January 17, 2014, from Wilshire State Bank;

6           ii.  Approximately $30,523.00 in bank funds seized on

7  or about January 17, 2014, from BBCN Bank;

8           iii. Approximately $9,500.00 in bank funds seized on

9  or about January 17, 2014, from Pacific City Bank;

10          iv.  Approximately $899.57 in bank funds seized on or

11 about January 17, 2014, from Wells Fargo Bank;

12          v.   Approximately $14,900.00 in bank funds seized on

13 or about January 17, 2014, from Shinhan Bank; and

14          vi.  Approximately $5,186,452.00 in U.S. currency

15 seized on or about January 17, 2014, from defendant's residence.

16          b.   To the Court's entry of an order of forfeiture at or

17 before sentencing with respect to these assets and to the forfeiture

18 of the assets.

19          c.   To take whatever steps are necessary to pass to the

20 United States clear title to the assets described above, including,

21 without limitation, the execution of a consent decree of forfeiture

22 and the completing of any other legal documents required for the

23 transfer of title to the United States.

24          d.   Not to contest any administrative forfeiture

25 proceedings or civil judicial proceedings, pursuant to 18 U.S.C. §§

26 981, 982, and 21 U.S.C. § 853(p), or other relevant statute,

27 commenced against either any of the assets specifically described in

28 paragraph 4(a), nor against any other assets or properties defendant

4

1  discloses as a result of his obligation to disclose all assets
2  described in paragraph 4(a) and (i).  With respect to any criminal
3  forfeiture ordered as a result of this plea agreement, defendant
4  waives the requirements of Federal Rules of Criminal Procedure 32.2
5  and 43(a) regarding notice of the forfeiture in the charging
6  instrument, announcement of the forfeiture at sentencing, and
7  incorporation of the forfeiture in the judgment.  Defendant
8  acknowledges that any criminal forfeiture of assets is part of the
9  sentence that may be imposed in this case and waives any failure by
10 the Court to advise defendant of this, pursuant to Federal Rule of
11 Criminal Procedure 11(b)(1)(J), at the time the Court accepts
12 defendant's guilty plea.
13         e.   Not to assist any other individual in any effort
14 falsely to contest the forfeiture of the assets described above.
15         f.   Not to claim that reasonable cause to seize the assets
16 was lacking.
17         g.   To prevent the transfer, sale, destruction, or loss of
18 any and all assets described above to the extent defendant has the
19 ability to do so.
20         h.   To fill out and deliver to the USAO a completed
21 financial statement listing defendant's assets on a form provided by
22 the USAO.
23         i.   That forfeiture of assets described above shall not be
24 counted toward satisfaction of any special assessment, costs, or
25 other penalty the Court may impose.
26 //
27 //
28 //

## PAYMENT OF TAXES OWED

5.   Defendant agrees to cooperate with the Internal Revenue Service in the determination of defendant's tax liability for tax year 2012.   Defendant agrees that:

a.   Defendant will file, prior to the time of sentencing, amended returns for the years subject to the admissions below, correctly reporting unreported income and correcting any and all improper deductions and credits; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; will pay at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns and/or timely amendments to such returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatement of tax liability for tax year 2012.

e.   Other than information defendant has provided during any proffered statements pursuant to a letter-agreement relating to such proffered statements, defendant gives up any and all objections

1   that could be asserted to the Examination Division of the Internal

2   Revenue Service receiving materials or information obtained during

3   the criminal investigation of this matter, including materials and

4   information obtained through grand jury subpoenas.

5 THE USAO'S OBLIGATIONS

6      6.   The USAO agrees to:

7         a.   Not contest facts agreed to in this agreement.

8         b.   Abide by all agreements regarding sentencing contained

9   in this agreement.

10        c.   Not further criminally prosecute defendant for

11   violations of 18 U.S.C. §§ 841, 842, 845, 1956, 1961, or 26 U.S.C. §

12   7206, arising out of defendant's conduct described in the agreed-to

13   factual basis set forth in paragraph 19. Defendant understands that

14   the USAO is free to criminally prosecute defendant for any other

15   unlawful past conduct or any unlawful conduct that occurs after the

16   date of this agreement. Defendant agrees that at the time of

17   sentencing the Court may consider the uncharged conduct in

18   determining the applicable Sentencing Guidelines range, the propriety

19   and extent of any departure from that range, and the sentence to be

20   imposed after consideration of the Sentencing Guidelines and all

21   other relevant factors under 18 U.S.C. § 3553(a).

22 NATURE OF THE OFFENSE

23      7.   Defendant understands that for defendant to be guilty of

24   the crime charged in count one of the information, that is, Entry of

25   Goods by Means of False Statement in violation of 18 U.S.C. § 542,

26   the following must be true:

27         a.   Defendant introduced merchandise into the commerce of

28   the United States;

b.   The merchandise defendant introduced into the commerce of the United States was imported; and

c.   Defendant introduced the imported merchandise into the United States by means of a false invoice, which invoice defendant knew to be false.

8.   Defendant understands that for defendant to be guilty of the crime charged in count two of the information, that is, the Passing False Papers Through Customhouse in violation of 18 U.S.C. § 545, the following must be true:

a.   Defendant knowingly passed a false invoice through a customhouse of the United States;

b.   Defendant knew that the invoice was false;

c.   Defendant acted willfully with intent to defraud the United States; and

d.   The false invoice submitted by defendant had a natural tendency to influence, or was capable of influencing, action by the United States.

9.   Defendant understands that for defendant to be guilty of the crime charged in count three of the information, that is, the Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(2)(A), the following must be true:

a.   Defendant transported money from a place in the United States to or through a place outside the United States; and

b.   Defendant acted with the intent to promote the carrying on of a specified unlawful activity.

10.   Defendant understands that for defendant to be guilty of the crime charged in count four of the information, that is, the

1  Making and Subscribing to False Tax Return in violation of 26 U.S.C.

2  § 7206(1), the following must be true:

3       a.   Defendant made and signed a tax return that he knew

4  contained false information as to a material fact;

5       b.   That tax return contained written declarations that

6  the declarations were being signed subject to penalties of perjury;

7  and

8       c.   In filing the false tax returns, defendant acted

9  willfully.

10                          PENALTIES

11      11.   Defendant understands the following:

12       a.   The statutory maximum sentence that the Court can

13  impose for a violation of Title 18, United States Code, Section 542,

14  is 2 years' imprisonment, a 1-year period of supervised release, a

15  fine of $250,000.00 or twice the gross gain or gross loss resulting

16  from the offense, whichever is greatest, and a mandatory special

17  assessment of $100;

18       b.   The statutory maximum sentence that the Court can

19  impose for a violation of Title 18, United States Code, Section 545,

20  is 20 years' imprisonment, a 3-year period of supervised release, a

21  fine of $250,000.00 or twice the gross gain or gross loss resulting

22  from the offense, whichever is greatest, and a mandatory special

23  assessment of $100;

24       c.   The statutory maximum sentence that the Court can

25  impose for a violation of Title 18, United States Code, Section 1956,

26  is 20 years' imprisonment, a 3-year period of supervised release, a

27  fine of $250,000.00 or twice the gross gain or gross loss resulting

28

1   from the offense, whichever is greatest, and a mandatory special
2   assessment of $100; and

3              d.   The statutory maximum sentence that the Court can
4   impose for a violation of Title 26, United States Code, Section
5   7206(1), is 3 years' imprisonment, a 1-year period of supervised
6   release, a fine of $250,000.00 or twice the gross gain or gross loss
7   resulting from the offense, whichever is greatest, and a mandatory
8   special assessment of $100.

9        12.  Defendant understands, therefore, that the total maximum
10  sentence for all offenses to which defendant is pleading guilty is:
11  45 years' imprisonment, a 3-year period of supervised release, a fine
12  of $1,000,000.00, or twice the gross gain or gross loss resulting
13  from the offenses, whichever is greatest, and a mandatory special
14  assessment of $400.

15       13.  Defendant understands that supervised release is a period
16  of time following imprisonment during which defendant will be subject
17  to various restrictions and requirements.  Defendant understands that
18  if defendant violates one or more of the conditions of any supervised
19  release imposed, defendant may be returned to prison for all or part
20  of the term of supervised release authorized by statute for the
21  offense that resulted in the term of supervised release, which could
22  result in defendant serving a total term of imprisonment greater than
23  the statutory maximum stated above.

24       14.  As described in paragraph 4, above, the Court will also
25  order forfeiture of the property listed in the information pursuant
26  to 18 U.S.C. § 982 or substitute assets up to the value of that
27  property.
28  //

15. Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States (Internal Revenue Service); and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

16. Defendant agrees to make full restitution for the losses caused by defendant's activities. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the counts to which the defendant is pleading guilty and may include losses arising from charges not prosecuted pursuant to this agreement as well as all relevant conduct in connection with this charge. Defendant agrees that the amount of restitution in this case, which defendant agrees that the court may order him to pay to the United States, Internal Revenue Service, is $184,155.00 tax, plus statutory interest for 2012.

17. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that

1    unanticipated collateral consequences will not serve as grounds to
2    withdraw defendant's guilty plea.
3        18.   Defendant understands that, if defendant is not a United
4    States citizen, the felony conviction in this case may subject
5    defendant to: removal, also known as deportation, which may, under
6    some circumstances, be mandatory; denial of citizenship; and denial
7    of admission to the United States in the future.   The court cannot
8    advise -- and defendant's attorney also may not be able to advise --
9    defendant fully regarding the immigration consequences of the felony
10   conviction in this case.   Defendant understands that unexpected
11   immigration consequences will not serve as grounds to withdraw
12   defendant's guilty plea.

FACTUAL BASIS

14       19.   Defendant admits that defendant is, in fact, guilty of the
15   offenses to which defendant is agreeing to plead guilty.   Defendant
16   and the USAO agree to the statement of facts provided below and agree
17   that this statement of facts is sufficient to support a plea of
18   guilty to the charge described in this agreement and to establish the
19   Sentencing Guidelines factors set forth in paragraph 20 below but is
20   not meant to be a complete recitation of all facts relevant to the
21   underlying criminal conduct or all facts known to either party that
22   relate to that conduct.

23   <u>18 U.S.C. §§ 542 and 545</u>

24   On or about May 29, 2012, in Los Angeles, California, defendant,
25   intending to defraud the United States, knowingly made out and
26   submitted to a customhouse of the United States a false Customs
27   and Border Protection Form 7501 Entry Summary ("Form 7501") that
28   stated the total value of merchandise imported from the People's

12

Republic of China ("China") to be approximately $34,269.10, while in truth and fact, as defendant well knew, the actual value of the imported merchandise was approximately $132,146.96. By submitting this false Form 7501 to the United States customhouse, defendant intended to cause, and did cause, the imported merchandise to be released into the commerce of the United States on or about May 31, 2012.

<u>18 U.S.C. § 1956(a)(2)(A)</u>

On or about May 29, 2012, in Los Angeles, California, defendant directed approximately $132,146.96 be transferred by electronic wire from a bank located inside the United States to a place in China, intending that this money be used to promote and fund defendant's unlawful submission of a false Form 7501 to a United States customhouse in order to cause merchandise imported from China to be released into the commerce of the United States.

<u>26 U.S.C. § 7206(1)</u>

On or before April 15, 2013, in Los Angeles, California, defendant reported, on his 2012 Form 1040 individual income tax return, total income of $698,169.00. Defendant made and subscribed to this income tax return, and caused such tax return to be filed with the Internal Revenue Service, which contained a written declaration that it was being signed subject to the penalties of perjury, knowing that the Internal Revenue Code required defendant to report his total income truthfully, that the total income that defendant should have reported was more than $80,000.00 in excess of $698,169.00, and that defendant acted intentionally and willfully in under-reporting his total

1    income, which was material to the Internal Revenue Service's

2    ability to determine defendant's true tax liability.

3    Forfeiture

4    Beginning no later than 2010, and continuing through and

5    including January, 2014, in Los Angeles, California, defendant

6    concealed the proceeds of imported merchandise defendant

7    intended to cause, and did cause, to be released into the

8    commerce of the United States as a result of defendant having

9    submitted false Forms 7501 to customhouses of the United States.

10   Of these proceeds, defendant concealed approximately

11   $5,186,452.00 in U.S. currency in his residence.  Additionally,

12   during this same time period, defendant further concealed

13   several hundreds of thousands of dollars of these proceeds by

14   depositing the proceeds, or causing the proceeds to be

15   deposited, into certain bank accounts at Wilshire State Bank,

16   BBCN Bank, Pacific City Bank, Wells Fargo Bank, and Shinhan

17   Bank, all of which bank accounts defendant owned or controlled.

18                          SENTENCING FACTORS

19        20.  Defendant understands that in determining defendant's

20   sentence the Court is required to calculate the applicable Sentencing

21   Guidelines range and to consider that range, possible departures

22   under the Sentencing Guidelines, and the other sentencing factors set

23   forth in 18 U.S.C. § 3553(a).

24   //

25   //

26

27

28

                                    14

21.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

a.   Count 1:  18 U.S.C. § 542

```
Base Offense Level:
[Loss Amount Greater
Than $200,000.00]              [18]        [U.S.S.G. §§ 2T3.1, 2T4.1]

Acceptance of Responsibility: [-3]        [U.S.S.G. § 3E1.1(b)]

Total Offense Level:           [15]

Criminal History Category:      I
```

Guideline Range:              18-24 months' imprisonment

b.   Count 2:  18 U.S.C. § 545

```
Base Offense Level:
[Loss Amount Greater
Than $200,000.00]              [18]        [U.S.S.G. §§ 2T3.1, 2T4.1]

Acceptance of Responsibility: [-2]        [U.S.S.G. § 3E1.1(b)]

Total Offense Level:           [16]

Criminal History Category:      I
```

Guideline Range:              18-24 months' imprisonment

c.   Count 3:  18 U.S.C. § 1956(a)(2)(A)

```
Base Offense Level:            [18]        [U.S.S.G. §2S1.1(a)(1)]
  Convicted Under § 1956       [+2]        [U.S.S.G. §2 S1.1(b)(2)(B)]

Acceptance of Responsibility: [-3]        [U.S.S.G. §3E1.1(b)]

Total Offense Level:           [17]

Criminal History Category:      I
```

Guideline Range:              24-30 months' imprisonment

//
//

15

        d.    Count 4:   26 U.S.C. § 7206(1)

Base Offense Level:
[Loss Amount Greater
Than $80,000.00]                [16]        [U.S.S.G. §§ 2T.1.1(a)(1),
                                            2T4.1(F)]

  Unreported Income Derived
  From Criminal Activity        [+2]        [U.S.S.G. §§ 2T.1.1(b)(1)]

Acceptance of Responsibility: [-3]          [U.S.S.G. §3E1.1(b)]

Total Offense Level:            [15]

Criminal History Category:      I

---

Guideline Range:               12-18 months' imprisonment

    22.   The parties agree not to argue that any other specific
offense characteristics, adjustments, or departures be imposed.

    23.   Defendant and the USAO agree that, taking into account the
factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant
sentencing guideline factors set forth above, an appropriate
disposition of this case is that the court impose a sentence of: 18
months' imprisonment on count one of the information, 18 months'
imprisonment on count two of the information, 24 months' imprisonment
on count three of the information, and 12 months imprisonment on
count four of the information, with all such terms of imprisonment to
be served concurrently, for a total of 24 months' imprisonment to be
served by defendant; 3-years' supervised release with conditions to
be fixed by the Court; and a $400.00 special assessment.  The parties
also agree that no prior imprisonment (other than credits that the
Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be
credited against this stipulated sentence, including credit under
Sentencing Guideline § 5G1.3.

//

1          WAIVER OF CONSTITUTIONAL RIGHTS

2          24.  Defendant understands that by pleading guilty, defendant

3    gives up the following rights:

4               a.    The right to persist in a plea of not guilty.

5               b.    The right to a speedy and public trial by jury.

6               c.    The right to be represented by counsel – and if

7    necessary have the court appoint counsel – at trial.  Defendant

8    understands, however, that, defendant retains the right to be

9    represented by counsel – and if necessary have the court appoint

10   counsel – at every other stage of the proceeding.

11              d.    The right to be presumed innocent and to have the

12   burden of proof placed on the government to prove defendant guilty

13   beyond a reasonable doubt.

14              e.    The right to confront and cross-examine witnesses

15   against defendant.

16              f.    The right to testify and to present evidence in

17   opposition to the charges, including the right to compel the

18   attendance of witnesses to testify.

19              g.    The right not to be compelled to testify, and, if

20   defendant chose not to testify or present evidence, to have that

21   choice not be used against defendant.

22              h.    Any and all rights to pursue any affirmative defenses,

23   Fourth Amendment or Fifth Amendment claims, and other pretrial

24   motions that have been filed or could be filed.

25          LIMITED WAIVER OF APPEAL AND COLLATERAL ATTACK

26          25.  Defendant understands that, with the exception of an appeal

27   based on a claim that defendant's guilty pleas were involuntary, by

28   pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's convictions on the offenses to which defendant is

2  pleading guilty.

3  LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4  26.  Defendant agrees that, provided the Court imposes the

5  sentence specified in paragraph 23 above, defendant gives up the

6  right to appeal any portion of that sentence.

7  27.  The USAO agrees that, provided the Court imposes the

8  sentence specified in paragraph 23 above, the USAO gives up its right

9  to appeal any portion of that sentence.

10  RESULT OF WITHDRAWAL OF GUILTY PLEA

11  28.  Defendant agrees that if, after entering guilty pleas

12  pursuant to this agreement, defendant seeks to withdraw and succeeds

13  in withdrawing defendant's guilty pleas on any basis other than a

14  claim and finding that entry into this plea agreement was

15  involuntary, then (a) the USAO will be relieved of all of its

16  obligations under this agreement; and (b) should the USAO choose to

17  pursue any charge or any civil, administrative, or regulatory action

18  that was either dismissed or not filed as a result of this agreement,

19  then (i) any applicable statute of limitations will be tolled between

20  the date of defendant's signing of this agreement and the filing

21  commencing any such action; and (ii) defendant waives and gives up

22  all defenses based on the statute of limitations, any claim of pre-

23  indictment delay, or any speedy trial claim with respect to any such

24  action, except to the extent that such defenses existed as of the

25  date of defendant's signing this agreement.

26  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27  Defendant agrees that if the count of conviction is vacated,

28  reversed, or set aside, the USAO may: (a) ask the Court to resentence

18

1   defendant on any remaining counts of conviction, with both the USAO

2   and defendant being released from any stipulations regarding

3   sentencing contained in this agreement, (b) ask the Court to void the

4   entire plea agreement and vacate defendant's guilty pleas on any

5   remaining counts of conviction, with both the USAO and defendant

6   being released from all their obligations under this agreement, or

7   (c) leave defendant's remaining convictions, sentence, and plea

8   agreement intact.  Defendant agrees that the choice among these three

9   options rests in the exclusive discretion of the USAO.

10                  EFFECTIVE DATE OF AGREEMENT

11      29.  This agreement is effective upon signature and execution of

12   all required certifications by defendant, defendant's counsel, and an

13   Assistant United States Attorney.

14                      BREACH OF AGREEMENT

15      30.  Defendant agrees that if defendant, at any time after the

16   signature of this agreement and execution of all required

17   certifications by defendant, defendant's counsel, and an Assistant

18   United States Attorney, knowingly violates or fails to perform any of

19   defendant's obligations under this agreement ("a breach"), the USAO

20   may declare this agreement breached.  All of defendant's obligations

21   are material, a single breach of this agreement is sufficient for the

22   USAO to declare a breach, and defendant shall not be deemed to have

23   cured a breach without the express agreement of the USAO in writing.

24   If the USAO declares this agreement breached, and the Court finds

25   such a breach to have occurred, then: (a) if defendant has previously

26   entered guilty pleas pursuant to this agreement, defendant will not

27   be able to withdraw the guilty pleas, (b) the USAO will be relieved

28   of all its obligations under this agreement, and (c)  the Court's

                                  19

1  failure to follow any recommendation or request regarding sentence
2  set forth in this agreement will not provide a basis for defendant to
3  withdraw defendant's guilty pleas.

4      31.   Following the Court's finding of a knowing breach of this
5  agreement by defendant, should the USAO choose to pursue any charge
6  that was either dismissed or not filed as a result of this agreement,
7  then:

8          a.   Defendant agrees that any applicable statute of
9  limitations is tolled between the date of defendant's signing of this
10 agreement and the filing commencing any such action.

11         b.   Defendant waives and gives up all defenses based on
12 the statute of limitations, any claim of pre-indictment delay, or any
13 speedy trial claim with respect to any such action, except to the
14 extent that such defenses existed as of the date of defendant's
15 signing this agreement.

16         c.   Defendant agrees that: (i) any statements made by
17 defendant, under oath, at the guilty plea hearing (if such a hearing
18 occurred prior to the breach); (ii) the agreed to factual basis
19 statement in this agreement; and (iii) any evidence derived from such
20 statements, shall be admissible against defendant in any such action
21 against defendant, and defendant waives and gives up any claim under
22 the United States Constitution, any statute, Rule 410 of the Federal
23 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
24 Procedure, or any other federal rule, that the statements or any
25 evidence derived from the statements should be suppressed or are
26 inadmissible.

27 //
28 //

1 ## COURT AND PROBATION OFFICE NOT PARTIES

2     32. Defendant understands that the Court and the United States

3 Probation Office are not parties to this agreement and need not

4 accept any of the USAO's sentencing recommendations or the parties'

5 agreements to facts, sentencing factors, or sentencing. Defendant

6 understands that the Court will determine the facts, sentencing

7 factors, and other considerations relevant to sentencing and will

8 decide for itself whether to accept and agree to be bound by this

9 agreement.

10     33. Defendant understands that both defendant and the USAO are

11 free to: (a) supplement the facts by supplying relevant information

12 to the United States Probation Office and the Court, (b) correct any

13 and all factual misstatements relating to the Court's Sentencing

14 Guidelines calculations and determination of sentence, and (c) argue

15 on appeal and collateral review that the Court's Sentencing

16 Guidelines calculations and the sentence it chooses to impose are not

17 error, although each party agrees to maintain its view that the

18 calculations and sentence referenced in paragraphs 20 and 21 are

19 consistent with the facts of this case. While this paragraph permits

20 both the USAO and defendant to submit full and complete factual

21 information to the United States Probation Office and the Court, even

22 if that factual information may be viewed as inconsistent with the

23 facts agreed to in this agreement, this paragraph does not affect

24 defendant's and the USAO's obligations not to contest the facts

25 agreed to in this agreement.

26 ## NO ADDITIONAL AGREEMENTS

27     34. Defendant understands that, except as set forth herein,

28 there are no promises, understandings, or agreements between the USAO

1  and defendant or defendant's attorney, and that no additional

2  promise, understanding, or agreement may be entered into unless in a

3  writing signed by all parties or on the record in court.

4              PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

5       35.  The parties agree that this agreement will be considered

6  part of the record of defendant's guilty plea hearing as if the

7  entire agreement had been read into the record of the proceeding.

8  AGREED AND ACCEPTED

9  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
10  CALIFORNIA

11  STEPHANIE YONEKURA
   Acting United States Attorney

12

13                                              9/8/2014
                                                Date
   JOHN J. KUCERA
14  Assistant United States Attorney

15

16                                              9-5-2014
   SHAHRAM KHAZAN                               Date
17

18

19                                              8/5/2014
   ALALEH KHAMRAN                               Date
20  Attorney for Defendant
   Shahram Khazan
21

22                                              9/5/14
23                                              Date
   MICHAEL EVANS
24  Attorney for Defendant
   Shahram Khazan
25

26              CERTIFICATION OF DEFENDANT

27       I have read this agreement in its entirety.  I have had enough

28  time to review and consider this agreement, and I have carefully and

                              22

1  thoroughly discussed every part of it with my attorney.  I understand

2  the terms of this agreement, and I voluntarily agree to those terms.

3  I have discussed the evidence with my attorney, and my attorney has

4  advised me of my rights, of possible pretrial motions that might be

5  filed, of possible defenses that might be asserted either prior to or

6  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

7  of relevant Sentencing Guidelines provisions, and of the consequences

8  of entering into this agreement.  No promises, inducements, or

9  representations of any kind have been made to me other than those

10  contained in this agreement.  No one has threatened or forced me in

11  any way to enter into this agreement.  I am satisfied with the

12  representation of my attorney in this matter, and I am pleading

13  guilty because I am guilty of the charges and wish to take advantage

14  of the promises set forth in this agreement, and not for any other

15  reason.

16

17  _____        9-5 2014
    SHAHRAM KHAZAN                     Date
18  Defendant

19  //

20  //

21

22

23

24

25

26

27

28

23

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Shahram Khazan's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

ALALEH KHAMBAN
Attorney for Defendant
Shahram Khazan

9-5-2014
Date

MICHAEL EVANS
Attorney for Defendant
Shahram Khazan

9/5/14
Date

24